## Commonwealth v. Sydnor

*Oscar F. Spicer,* for Commonwealth.

*Donald Marritz,* of *Legal Services, Inc.,* for respondent.

MacPHAIL, P. J., November 7, 1974.—For the purpose of deciding the issue now before us, we have joined October 1973, no. 18, (Criminal) and D. R. No. 70 of 1974.

Shirley Z. Henderson, a resident of Maryland, commenced an action in Adams County, Pa., under the provisions of the Uniform Reciprocal Enforcement of Support Act (article 89C, 1969 Ed. 1974 Supp. 8A Annotated Code of Maryland, 1957 Edition and 1968 Supplement). That action was indexed to October term 1973, no. 18, (Criminal), against Bernard W. Sydnor, a resident of R. D. 1, Fairfield, Adams County, Pa. Attached to the petition is a copy of an order entered in the Circuit Court of Baltimore County, on July

28, 1970, directing defendant, Bernard W. Sydnor, to pay $25 per week for the support of his son Raymond, who was born March 28, 1954. The petition was executed by Mrs. Henderson in Harford County, Maryland, on July 10, 1973. The certificate attached to the petition states that Mrs. Henderson needs $25 per week for the support of her son "together with the arrearage in ordered support to June 9, 1973, in the amount of $1575."

In due course, that petition was placed on the hearing list in Adams County. At the hearing, defendant testified that his son was over 18 years of age and self-supporting. The matter was continued to give petitioner an opportunity to appear or respond in some appropriate manner. At the continued hearing, petitioner appeared personally and stated that her son was 18, that he was attending Towson State College and that he was employed on a part-time basis. Also, she testified that defendant had agreed to support his son while he was in college. Defendant admitted that he had said he would help his son through college "any way possible." However, he testified that he was and had been financially unable to contribute to the support of his son while he was in college.

The matter was once again continued to afford an opportunity to defendant to furnish the court with a current financial statement. On February 14, 1974, the district attorney advised the court that the prosecutrix did not desire to pursue the matter of current support for her son because he was no longer in college. On that date, February 14, 1974, an order was entered continuing the case generally to permit the district attorney to register the amount of the arrearage accumulated on the order under the provisions of the Act of December 6, 1972, P. L. 987 (No. 291), as amended, 62 PS §2043-37, et seq., relating to the registration of foreign support orders.

On June 5, 1974, a petition for the registration of the foreign support order was filed to D. R. 70 of 1974, with a certificate thereunto annexed showing a balance unpaid on the order originally entered in Baltimore County in the sum of $2,300. On the same day, the clerk's office sent to defendant a notice by certified mail, which read as follows:

"You are hereby notified that a Foreign support order has been registered against you in this office. The order, which demands the payment of arrearages, has been filed by Mrs. Shirley Z. Henderson, the obligee, her address being 501 Enfield Road, Joppa, Maryland 21085.

"We are enclosing a copy of the registered support order, a copy of certificate of Judge of initiating state, pertinent sections of Pennsylvania's Revised Uniform Reciprocal Enforcement Support Act.

"Please note that you have twenty (20) days from the date of this notice to petition the Court to vacate the registration or for other relief. A hearing has been scheduled on this matter on July 3, 1974, at 9:30 a.m."

A postal receipt attached to a copy of the notice indicates that the defendant received the notice on June 7, 1974. Defendant filed nothing in the proceeding but did appear on July 3, 1974, to protest orally that the amount of the arrearage registered was incorrect because his son had become 18 and was self-supporting and that he, defendant, was financially unable to pay the arrearage. We recommended, as we had done on all previous occasions, that defendant obtain counsel and referred him to Legal Services for such representation if he were indigent.

On August 5, 1974, a petition was filed on behalf of defendant by Legal Services to vacate, modify or stay the enforcement of the registered order. The petition set forth, inter alia, that defendant was confused by the

notice he received concerning the registration of the order, and that he was under the impression that the hearing scheduled for July 3rd was for the purpose of vacating the order. We took the matter under advisement.

In our opinion, the notice sent to defendant from the clerk of the court's office leaves no room for confusion or misinterpretation. If defendant was confused, he had ample time to consult the district attorney's office, the support officer or the court concerning that confusion. He did none of these. We are of the opinion that his failure to be diligent is inexcusable. The act provides that if a petition to vacate a registered order is not filed within the 20-day period, "the registered support order is confirmed." Accordingly, we hold that since the petition to vacate was not timely filed, the registered order must be confirmed.

It is indicated in the petition to vacate that petitioner has retained Maryland counsel to appeal the order entered in Baltimore County. This is his right under section 40 of the Act of 1972, supra, but the mere fact that counsel has been contacted will not prevent the order from being enforced.

Accordingly, the following order will be entered:

## ORDER OF COURT

And now, November 7, 1974, it is ordered that the case of Commonwealth v. Bernard Sydnor, October term 1973, no. 18, be and the same is hereby dismissed. Costs to be paid by the County of Adams.

It is further ordered that the registration of the foreign support order entered to D. R. No. 70 of 1974 be and the same is hereby confirmed.

Finally, it is ordered that a hearing be held on December 17, 1974, at 9:30 a.m. under the provisions of section 40 of the Act of 1972, supra, to afford defendant

an opportunity to show cause why the order should not be enforced, at which hearing defendant will be limited to the defenses set forth in subparagraph (c) of section 40 of the Act of 1972, supra 62 PS §2043-42(c).